Case Nos. 19-SW-00019-JTM
19-SW-00020-JTM
19-SW-00021-JTM

**<u>AFFIDAVIT FOR SEARCH WARRANTS</u>**

I, Robert Evans, a Detective with the Kansas City, Missouri Police Department, do hereby state under oath that this affidavit is in support of the issuance of three search warrants to search three cellular telephones: (1) a black iPhone with white case, Model #A1784, FCC ID: BCG-E3092A, IC: 579C-E3092A; (2) a Samsung LG G6, SIM Card #8901260901760033857082629; and (3) a white Samsung, Model #SM-J700T, IMEI# 357218/07/332800/4, SN# R58H70PKYZW (hereinafter collectively referred to as "**Target Telephones**"), as there is probable cause to believe each phone contains evidence of a crime or will lead to evidence of a crime.

1. I am a Detective with the Kansas City, Missouri Police Department (KCMOPD) and have been so employed for 21 years. I have been assigned to the KCMOPD Drug Unit for thirteen years, and the Federal Bureau of Investigation (FBI) Metro Gang Squad for approximately one year. During my tenure, I have been involved in numerous investigations of individuals for importing and distributing controlled substances and possessing and trafficking illegal firearms. I have communicated extensively with other state and federal law enforcement personnel, who specialize in narcotics and firearms investigations. I have extensive experience interviewing suspects, participating witnesses, informants, and other persons with personal experience and knowledge of illegal narcotics and firearms trafficking.

2. This affidavit contains information necessary to support probable cause for this application. It is not intended to include every fact or matter observed by me, or known by law enforcement. The information provided is based on my personal knowledge and observations during the course of this investigation, information conveyed to me by other law enforcement

officials and others, and my review of records, documents, and other physical evidence obtained during this investigation.

## ITEMS TO BE SEARCHED AND EVIDENCE TO BE SEIZED

3. This affidavit is in support of search warrants for the search of three cellular telephones collectively referred to as the **Target Telephones**. Each phone is more specifically described as:

 a. A black iPhone with white case Model #A1784, FCC ID: BCG-E3092A, IC: 579C-E3092A ("**Target Telephone 1**");

 b. A Samsung LG G6, SIM Card #89012609017600338570826 29 ("**Target Telephone 2**"); and

 c. A white Samsung, Model #SM-J700T, IMEI# 357218/07/332800/4, SN# R58H70PKYZW ("**Target Telephone 3**").

4. The **Target Telephones** are currently secured as evidence at a secure KCMOPD location in Kansas City, Missouri, Western District of Missouri.

5. The property to be seized from the **Target Telephones** is described in Attachment A.

## OFFENSES UNDER INVESTIGATION

6. Based upon my training and experience and on the facts set forth in this affidavit, I believe the **Target Telephones** contain evidence of violations of Title 21, United States Code, Sections 841 and 846, distribution of a controlled substance or conspiracy to distribute controlled substances.

## PROBABLE CAUSE

7. In November 2017, KCMOPD and the FBI began investigating a criminal organization identified as "246." Through that investigation, Maurice Sneed was identified as a source of supply for cocaine and Phencyclidine ("PCP") in Kansas City, Missouri. On October

2

Case 4:19-sw-00020-JTM   Document 1-1   Filed 01/22/19   Page 2 of 9

17, 2018, investigators followed Sneed's vehicle, a reddish-orange Chevrolet Camaro, to the roof of a local parking garage. At the parking garage, investigators observed Sneed walk from his open trunk to the open trunk of a vehicle with an Iowa license plate. The vehicle with the Iowa license plate was stopped and approximately 174 grams of white-powder substance was located in the trunk. The white-powder substance tested positive for cocaine with a TruNarc Electronic Testing Device. The driver of that vehicle identified Sneed as the person that provided the cocaine found in the trunk.

8. Based on the developments of the investigation, investigators obtained a warrant from the Western District of Missouri authorizing the GPS tracking of Sneed's Camero. Through electronic and physical surveillance, investigators observed Sneed stop in front of 6018 Agnes Avenue, Kansas City, Missouri, on December 13 and 17, 2018.

9. Investigators later learned that another investigative element within the KCMOPD's Narcotics and Vice Division had an active investigation on 6018 Agnes Avenue for drug trafficking. Investigators responsible for that investigation completed two trash recoveries on December 7 and 14, 2018. In those recoveries, they located: 16 empty and torn sandwich baggies; 7 partial More brand cigarettes with a chemical odor consistent with PCP; 4 prescription receipts bearing the name of Lagrone; 31 empty and torn sandwich baggies with marijuana residue; 7 50 mg pills of non-controlled substance; and a HCA Midwest Health information mailer addressed to 6018 Agnes Avenue.

10. On December 14, 2018, a search warrant for 6018 Agnes Avenue was applied for and granted in the Circuit Court of Jackson County, Missouri.

11. On December 19, 2018, the state search warrant was executed at the residence. The following items were recovered during the search:

a. Northwest bedroom:

   i. Anderson Manufacturing AR-15 rifle;

   ii. 1 ounce of purported PCP in a red backpack;

   iii. 16.37 grams of Marijuana in the red backpack;

   iv. Mail addressed to Ronald Lagrone, Jr. in the red backpack;

   v. Electronic scale;

   vi. **Target Telephone #1**: Black iPhone with white case, Model #A1784, FCC ID: BCG-E3092A, IC: 579C-E3092A was located on the bed;

   vii. **Target Telephone #2**: Samsung LG G6; SIM Card #89012609017600338557082629 was located on a dresser;

   viii. **Target Telephone #3**: White Samsung, Model #SM-J700T, IMEI #357218/07/332800/4, SN# R58H70PKYZW was located on a dresser.

b. Hallway adjacent to the bathroom:

   i. Century Arms, 7.62x 39mm rifle and

   ii. Glock, 10mm, semi-auto pistol.

c. Bathroom:

   i. Approximately 64 ounces of purported PCP in the toilet.

d. Living Room:

   i. 16.05 grams of cocaine base.

12. While recovering **Target Telephone #1**, the affiant observed the home screen of the phone to show a missed call and Facetime call from a contact named "Sneedy." The affiant knows this as a possible moniker for Sneed.

13. Ronald Lagrone, Jr. was hiding in the shower of the bathroom where the PCP was located in the toilet when he was located by officers. He was arrested for possession of a controlled substance. At the scene, Lagrone, Jr. was asked if he had a cell phone in the house to be placed

into his property prior to being transported to a KCMOPD facility. He stated he had a white one, then stated it was not white, and then again claimed he did not have a cell phone. The affiant knows from training and experience, Lagrone, Jr.'s statement was an initial admission to possessing a white cell phone followed by statements to distance himself from the phones located inside the residence.

14. Two other individuals, Ronald Lagrone, Sr. and Mikah Bedford, were in the residence and also arrested for possession of a controlled substance. Lagrone, Sr. was not transported from the scene due to health concerns because he is partially paralyzed and confined to a wheelchair. Mikah Bedford was transported to a KCMOPD facility for booking and questioning.

15. At the scene, Ronald Lagrone, Sr. provided (816) 204-7555 as the phone number for his son, Lagrone, Jr. Ronald Lagrone, Sr. also identified **Target Telephone #1** as his son's (Lagrone, Jr.) phone.

16. While talking with Mikah Bedford in a *Mirandized* interview, she stated she was at 6018 Agnes Avenue doing "hair" when the police arrived. She gave investigators consent to look at her phone to corroborate her story. While looking through her phone, investigators observed a text message thread with a contact saved as "Ron" with a phone number of (816) 204-7555 stating he (Ron) was at his dad's place taking care of him. There was further discussion in the text message thread of Bedford coming to the location to do his (Ron) hair.

17. During a *Mirandized* statement of Lagrone, Jr., he denied selling controlled substances. He also changed his story regarding his ownership or possession of a cell phone. He initially claimed he did not have a phone. Then stated he had an Android phone. Finally, he again

5

denied he had a cell phone. During the interview, all the **Target Telephones** were produced for Lagrone, Jr. to observe.

18. He was shown **Target Telephone #2** and asked if it was his. He looked at the phone and said nothing. Investigators handed him **Target Telephone #2**, at which time he moved the phone away from the affiant's view and begun to unlock it. Affiant moved to a position where he could see what Lagrone, Jr. was doing, and Lagrone, Jr. stated, "I am not deleting nothing." **Target Telephone #2** was taken from Lagrone, Jr. and he was asked again if he recognized the phone. He stated he did not. The affiant believes Lagrone, Jr. uses or owns **Target Telephone #2**, and was attempting to lock or delete data off the phone without Affiant's knowledge.

19. **Target Telephone #3** was produced to Lagrone, Jr. He attempted to hold the phone, which investigators did not allow. Affiant believes **Target Telephone #3** was the "white" phone Lagrone, Jr. had initially stated he owned while still at the residence.

20. **Target Telephone #1** was produced and he asked investigators to hold the phone. Investigators refused to allow him access to the phone. Despite being told, "No," Lagrone, Jr. repeatedly asked to hold the phone. He also asked investigators to swipe or remove the missed call information from the screen (missed call and Facetime call from "Sneedy"), so he could see the picture better. The affiant believes this request was made to delete the name "Sneedy" from the home screen in an attempt to hinder the investigation by preventing law enforcement from identifying or associating Lagrone, Jr. with "Sneedy."

21. The phone number provided by Ronald Lagrone, Sr. and found in Mikah Bedford's phone saved under the contact name "Ron" was (816) 204-7555. During the interview with Lagrone, Jr., investigators called the phone number (816) 204-7555 and **Target Telephone #1** began to ring.

22. On January 7, 2019, investigators met with a confidential source (CS) with the KCMOPD's Career Criminal Unit. During the interview, the CS reported that a third party told the CS Maurice Sneed had a cousin and uncle, known as "Big Ron" and "Lil Ron" who reside at 60th and Agnes, Kansas City, Missouri. "Big Ron" is confined to a wheelchair and Maurice Sneed sells him gallon sized containers of PCP. The CS also stated Maurice Sneed's mother lived across the street from Big and Lil Ron. Investigators believe the third party was describing 6018 Agnes Avenue, Ronald Lagrone, Sr. and Ronald Lagrone, Jr.

23. The affiant knows, through training and experience, drug traffickers utilize "smart phones" to password protect the contents of the phone to deter law enforcement from observing the contents of the phone. The affiant also knows drug traffickers often carry firearms to protect their controlled substances or the proceeds from their sales of controlled substances.

24. The affiant also knows the following facts: Investigators know drug traffickers commonly carry multiple phones to communicate with friends/family, customers, and source of supplies for their controlled substances. Investigators also know individuals who deal in illegal controlled substances commonly maintain addresses or telephone numbers in mobile telephones, utilizing the internal mobile phone electronic storage, which reflect names, addresses and/or telephone numbers for their associates, to include sources of supply, distributors, and customers, in their criminal organizations. In addition to continuing their illegal businesses, these individuals utilize mobile telephone systems to maintain contact with their criminal associates. In addition, most mobile telephones on the market today have built in electronic digital cameras and video capabilities. Individuals who deal in illegal controlled substances take, or cause to be taken, photographs of themselves, their associates, their properties, their illegal products, and the cash

proceeds from these illegal transactions. These individuals usually maintain these photographs and videos in the internal electronic storage of the mobile telephone.

25. The affiant believes there is additional evidence of drug trafficking stored in the **Target Telephones** found during the execution of the search warrant at 6018 Agnes Avenue, Kansas City, Missouri. Affiant also believes additional evidence indicating ownership, dominion, or the user of the device will be stored within the **Target Telephones**. This belief is based on the evidence of drug trafficking around and associated with the cellular telephones, to include: the **Target Telephones** were located in the northwest bedroom of the residence; a distribution quantity of PCP was found in the northwest bedroom and bathroom of the residence; **Target Telephone 1** had missed calls from "Sneedy," whom investigators believe is Maurice Sneed; Sneed is a known distributor of controlled substances; through source reporting Sneed is identified as a source of supply for PCP for the Lagrone family; and Sneed's vehicle was observed outside of that residence twice during the investigation into 6018 Agnes Avenue. Based on the foregoing, the affiant is requesting search warrants for the **Target Telephones** currently held by KCMOPD in the Western District of Missouri.

26. The following items to be seized from the **Target Telephones** is described as follows: Electronic data contained within the phone, to include: Call logs of incoming, outgoing, missed, saved or stored calls; Saved directories of names, physical addresses and telephone/pager/fax numbers; Email addresses as well as emails drafted, stored, sent and/or received; Received, sent, stored and/or deleted messages in textual or voice; Text, SMS, MMS and EMS messages received, sent, stored, drafted and/or deleted; Audio, photographs and movie data that were device created or not, but received, stored, viewed, transmitted or deleted; Memos in a textual or voice format, be they stored, deleted, sent, received and/or drafted; Stored

data/information to include, but not limited to, the device's owner and/or user, Internet activity; Stored calendar data; and Stored, received, device-created, transmitted, and/or deleted GPS data.

FURTHER SAYETH AFFIANT NAUGHT.

_____
ROBERT EVANS
Detective
Kansas City, Missouri Police Department


Subscribed to and sworn to before me

this \_\_22nd\_\_ day of January, 2019.

_____
HONORABLE JOHN T. MAUGHMER
United States Magistrate Judge
Western District of Missouri